```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 03-135

TERRENCE LASH                           SECTION: "A"
```

### ORDER AND REASONS

The following pre-trial motions are before the Court:

1) Lash's **Motion in Limine to Exclude Use of Any Statements Made by Defendant in the Course of Plea Discussions and Any Evidence Derived Therefrom and Supplemental Memorandum in Support (Rec. Doc. __ & 411)**

**DENIED**. The Court is persuaded that Lash received only direct use immunity during his interviews with the Government on March 2, 2004, and March 8, 2004. Lash was represented by competent counsel at those interviews. The parties executed proffer agreements in conjunction with each meeting. Those agreements expressly refer only to "use immunity." In contrast, the unexecuted plea agreement expressly includes phraseology that would have granted Lash

derivative use immunity in exchange for his testimony and cooperation had he pled guilty.  The proffer agreements are not ambiguous.

2)   Lash's **Supplemental Motion to Sever Offenses (Rec. Doc. __)**

   **DENIED**.  However, the Court will order the Government to redact from the recording the statements referenced in the Government's letter to the Court dated June 6, 2006.  In addition to the Government's redactions, the Court orders the following sections of the recording redacted, some of which correspond to the sections referenced in Lash's memorandum, and some of which overlap some sections already designated for redaction by the Government:[1]

   ALL of page 12 ("YOU GOT ONE PRIOR DRUG CONVICTION . . ." thru "SHE COULDN'T DO NO DAMAGE . . .")

   Page 13 from "SHE COULDN'T BRING THEM TO YOU . . ." thru "YEAH SHE SAID BECAUSE I READ THE STATEMENT . . . LYING DUDE AIN'T MAKE NOT STATEMENTS AGAINST ON HER"

   Page 16 from "BUT THEY OLD. I GOT . . ." thru "UH-UH. DISCOVERY DISCOVERY GOT TO GIVE YOU THAT GOT ALL THAT."

   Page 17 from "THEY GOT TAMIRA OFF THE . . ." thru "THAT'S WHAT THEY DOING THAT'S WHAT THEY DOING . . . KNOW WHAT I'M SAYING."

   Page 22 "AS FAR AS ABOUT THE DRUGS?"

---

[1] The page numbers refer to the "draft" version of the transcript of the recorded statement which was the version provided to the Court.

Page 27 from "I AIN'T SEE NO PAPER." thru "SHE STILL IN JAIL."

Page 29 from "BRA, THEM HOES AIN'T NO GOOD . . ." thru Page 30 "WHAT HAPPENED TELL ME EXACTLY . . . SHIT HAPPENED WITH THEM"

Page 34 frm "AND TAMIRA TOLD ME WHAT HAPPENED . . ." thru "SHE GOT A PLEA AGREEMENT ALREADY."

Page 36 from (UNINTELLIGIBLE) IF YOU, (UNINTELLIGIBLE) . . ." thru "THAT SITUATION I'M IN, AIN'T NEVER HAD . . . AIN'T NOBODY GOT NO CRACK"

Page 37 the phrase "IN MORE SHIT."

Page 40 (UNINTELLIGIBLE).  AIN'T GONNA PLEAD GUILTY TO NO FUCKING LIFE."

Page 42 from "THIS SHIT, CHECK THIS OUT BRA . . ." thru (UNINTELLIGIBLE) YOU KNOW WHAT I'M SAYING . . . THERE (SIC) MIND YOU KNOW I'M SAYING"

Page 58 from "I DON'T FUCK WITH HIM . . ." thru Page 59 "IT AIN'T NOTHING YOU CAN TELL THEM ABOUT BOUT ME THEY DON'T ALREADY KNOW."

Page 68 from "PROBABLY STILL GOT IT . . ."  thru "YEAH."

Further, to the extent that the discussion on pages 59-60 regarding a house in Katy, Texas and Gloria from Columbia pertain to the drug conspiracy the Government shall likewise redact those statements.

In its redacted form the recorded statement can be properly admitted against Lash on the murder for hire charges without

creating any Sixth Amendment problems vis à vis the drug conspiracy charges.

3) The Government's **Motion in Limine for Admission of Bruton/Crawford-Redacted Statements and Proposed Non-Bruton Rebuttal Evidence (Rec. Doc. 391)**

**GRANTED IN PART AND DENIED IN PART**. If the defense suggests to the jury that someone other than Sylvester murdered Demetra Norse, including that the Government might have believed at one time that Tarik Smith murdered Norse, then the Court will allow Agent Scott to testify <u>only</u> that Sylvester confessed to him that 1) he murdered Demetra Norse, and 2) that Tarik Smith had nothing to do with the murder. Agent Scott shall make <u>no</u> reference to the fact that Sylvester confirmed that "another person" hired him to murder Norse. Any reference to "another person" hiring Sylvester treads dangerously close to incriminating Lash on the murder for hire charge. The Court is of the opinion that this highly redacted version of Sylvester's "confession" satisfies the requirements of <u>Richardson v. Marsh</u>, 481 U.S. 200 (1987), and <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

This redacted version of Sylvester's statements addresses the Government's concern that Lash not be allowed to create reasonable doubt by perpetrating a fraud on the jury, and it also addresses Lash's confrontation clause concerns because the statement in no

4

way incriminates him *even when linked with other evidence in the case*. Moreover, the statement is not being offered as substantive evidence of Lash's guilt as was the statement in Crawford, supra.

In his memorandum in opposition Lash states his intention to challenge the voluntariness of Sylvester's confession. (Memo. at 4, n.1). Lash does not have standing to attack the voluntariness of Sylvester's confession which has already been upheld by Judge Feldman following a full-blown evidentiary hearing. Because the statement does not constitute hearsay, FRE 804(b)(3), and because the statement is non-incriminating on its face, it is admissible in Lash's trial if he opens the door by suggesting to the jury that someone other than Donald Sylvester murdered Norse. Given the highly redacted nature of the statement and given the fact that only one defendant is on trial, the Court questions whether a limiting instruction is necessary. However, if defense counsel believe that a limiting instruction is appropriate, then they shall draft one and present it to the Government for review no later than **Friday, June 9, 2006, at 12 noon**.

4) Lash's **Motion to Dismiss the Fifth Superseding Indictment (Rec. Doc. 250)**

**DENIED** for reasons previously given on the record. In any event the motion is MOOT because the Government is prosecuting Lash based on the Sixth Superseding Indictment.

5

5) Lash's **Motion in Limine to Exclude Defendant's 1998 Conviction (Rec. Doc. 251)**

**DENIED.** The charged drug conspiracy includes the timeframe when Lash pled guilty in 1998. If the facts adduced at trial show that the narcotics seized were part of the charged conspiracy in this case then the Government can admit the guilty plea and the relevant facts in connection therewith.

June 7, 2006

                                          _____
                                                JAY C. ZAINEY
                                          UNITED STATES DISTRICT JUDGE