UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 03-135

TERRANCE LASH, A/K/A BREEZE,                SECTION: "A"
A/K/A "T"

## ORDER AND REASONS

Before the Court is a **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 629)** filed by defendant Terrance Lash, proceeding pro se.  The Government filed its response to Lash's motion on June 28, 2010, and on July 14, 2010 Lash filed his reply.  After due consideration the Court finds that 1) Lash is not entitled to an evidentiary hearing, and 2) Lash has not carried his burden under the applicable test for ineffective assistance of counsel, and therefore is not entitled to the relief sought.  Consequently, the Motion to Vacate is DENIED. Additionally, the Court DENIES Lash a Certificate of Appealability as to the issues presented.

## I. BACKGROUND

### A.   CR03-135, *United States v. Durand, et al.*

On December 16, 2004, a grand jury sitting in the Eastern District of Louisiana returned a seven-count Sixth Superseding indictment against Terrance Lash for various offenses related to a drug conspiracy, firearms, and the murder of a federal witness.

1

(Rec. Doc. 241).  The complete factual background leading up to Lash's indictment and trial is contained in the Fifth Circuit's opinion affirming Lash's conviction and sentence on all grounds. (Rec. Doc. 600-1).  That complete factual background need not be repeated here but Lash repeatedly challenges statements that he made to co-conspirator Rahsaan Johnson--statements that the Government surreptitiously recorded and used against him at trial--so for clarity the Court includes the facts surrounding those recordings here:

> In November and December 2003, Johnson attempted to record conversations with Lash while they were in a holding cell, awaiting hearings in the case before Judge Zainey.  Both attempts failed due to poor sound quality. Johnson's third attempt, on 17 February 2004, was successful; Lash discussed his role in the [Demetra] Norse murder and named [Donald] Sylvester as Norse's assassin.  That March, the Government confronted Lash and his attorney with the recording.
> Thereafter, during meetings with the Government, Lash implicated himself in the Norse murder and agreed to record a conversation with Sylvester.  Lash was granted use immunity for these proffers.

(Rec. Doc. 600-1 at 3-4).

Following a rigorous battle of pre-trial motions and proceedings, Lash was tried on June 12, 2006.  The trial lasted two weeks and Lash testified in his own defense.  On June 23, 2006, the jury returned its unanimous verdict convicting Lash on all seven counts. (Rec. Doc. 468).  On December 5, 2006, the Court sentenced Lash to life imprisonment, as to Counts 1, 3, 4, 5, and 6, a term of 240 months as to Count 2, and a term of 120

months as to Count 7, to be served concurrently.  (Rec. Doc.
512).

B.   *Lash's Motion to Vacate*

Lash raises 9 counts of ineffective assistance of counsel to
support relief under § 2255.  Lash contends that his counsel
rendered ineffective assistance in violation of the Sixth
Amendment under <u>Strickland v. Washington</u> when *on direct appeal*:
1) counsel misapprehended the applicable law by failing to argue
that <u>Maine v. Moulton</u>, 447 U.S. 159 (1985) rendered his drug
conspiracy statements to Rahsaan Johnson inadmissible; 2) counsel
failed to investigate the facts surrounding the November 25, 2003
and December 1, 2003 recordings instead basing his arguments only
on the February 17, 2004 recording; 3) counsel failed to raise
entrapment as a defense in regard to the T-Bone murder-for-hire
plot;[1] 4) counsel failed to argue that Lash's incriminating
statements should have been excluded due to the Government's
violation of the Rules of Professional Conduct; 5) counsel failed
to argue that the Government's investigatory conduct was so
outrageous as to render Lash's statements inadmissible in
violation of his Fifth Amendment due process rights; 6) counsel
failed to challenge the Sixth Superseding indictment on grounds

---

[1] Lash raises this contention with respect to counsel's
performance at trial as well as on direct appeal.

3

of double jeopardy;[2] 7) counsel misapprehended the applicable facts and law with respect to whether the dismissal in Judge Lemmon's case should be characterized as a dismissal with prejudice; 8) counsel was guilty of multiple deficiencies and errors; 9) counsel failed to argue that the district court erred in not conducting an evidentiary hearing regarding the secret Johnson interrogation.[3]

### C.   *The Government's Response*

The Government contends that Lash's claims of ineffective assistance of counsel are clearly without merit because defense counsel zealously and intensely defended Lash's rights both at trial and on appeal.[4]  The Government argues that the record establishes that Lash received effective assistance of counsel at

---

[2] Lash raises this contention with respect to counsel's performance at the pre-trial and trial stages as well as on direct appeal.

[3] In addition to the specifically enumerated 9 grounds for § 2255 relief, a recurring theme in Lash's submission is that the surreptitious courthouse recordings with Johnson were made in violation of his rights and should have been excluded at trial but were nonetheless admitted and formed a crucial part of the Government's case against him.  These admissibility arguments were properly raised on direct appeal and rejected by the Fifth Circuit.  Issues decided adversely to the defendant on direct appeal are final and may not be reurged anew via a 2255 motion. U.S. v. McCollom, 664 F.2d 56, 59 (5th Cir. 1981).

[4] The Government points out that two highly competent criminal attorneys were appointed to represent Lash:  Arthur A. ("Buddy") Lemann, III and Michael Reese Davis.  The Government correctly posits that these attorneys' competence and experience in criminal matters are beyond reproach.

all stages of his prosecution and appeal.  The Government points to the no less than 20 pre-trial motions that counsel filed on behalf of Lash in their efforts to repeatedly attack the indictment, the Government's conduct, and the admissibility of evidence.  The Government avers that counsel exhibited the same zeal on appeal that they exhibited in district court and that no amount of effective representation could have helped Lash escape the overwhelming weight of the evidence against him.

## II.  LEGAL STANDARD

### A.   *Motions to Vacate Pursuant to 28 U.S.C. § 2255*[5]

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004) (quoting Kuhn v. U.S., 432 F.2d 82, 83 (5th Cir. 1970)).  The statute establishes that a prisoner in custody under a sentence of a federal court "may move the court which imposed the sentence to

---

[5] 28 U.S.C. § 2255(f) provides that a one-year period of limitation applies for the filing of a motion for post-conviction relief.  The limitation period under § 2255(f) begins to run on the latest of *inter alia* the date on which the judgment of conviction became final.  Id. § 2255(f)(1).

The Government has not challenged Lash's petition on timeliness grounds but the Court nonetheless notes that it is timely.  On October 6, 2008, the United States Supreme Court denied Lash's application for a writ of certiorari which means that his conviction became final on that date.  Lash filed the instant 2255 motion on July 7, 2009--clearly within the one year period provided by § 2255(f)(1)(a).

vacate, set aside or correct the sentence." Id. (quoting 28 U.S.C. § 2255). Where there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. U.S. v. Petrus, 44 F.3d 1004 (5th Cir. 1994) (citing U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)). Defendants who are represented by the same counsel at trial and on appeal are not procedurally barred from raising an ineffective assistance of counsel claim via a 2255 motion. U.S. v. Willis, 273 F.3d 592, 598 n.7 (5th Cir. 2001) (U.S. v. Marroquin, 885 F.2d 1240, 1245-46 (5th Cir. 1989)).

A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." U.S. v. Arquellas, 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992)). In those cases,

however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone.  Id. (citing Owens v. U.S., 551 F.2d 1053, 1054 (5th Cir. 1977)).  No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record.  U.S. v. McCollom, 664 F.2d 56, 59 (5th Cir. 1981) (citing Buckelew v. U.S., 575 F.2d 515 (5th Cir. 1978)).

**B.    *Ineffective Assistance of Counsel***

An accused is entitled, as a matter of constitutional law, to assistance of counsel on a direct appeal as of right.  U.S. v. Guerra, 94 F.3d 989, 994 (5th Cir. 1996) (citing Douglas v. Cal., 372 U.S. 353 (1963)).  The representation must be effective.  Id. (citing Evitts v. Lucey, 469 U.S. 387 (1985); Lombard v. Lynaugh, 868 F.2d 1475, 1481 (5th Cir. 1989)).

To prevail on a an ineffective assistance of counsel claim, the petitioner must satisfy the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  First, the petitioner must establish that counsel's performance fell below an objective standard of reasonableness.  Grammas, 376 F.3d at 436 (citing Strickland, 466 U.S. at 687).  That standard requires that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."  Id. (quoting U.S. v. Conley, 349 F.3d 837, 841 (5th Cir. 2003)).

7

The second showing that the petitioner must make is that he was prejudiced by counsel's substandard performance.  <u>Grammas</u>, 376 F.3d at 436.  "To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> (<u>quoting</u> <u>Conley</u>, 349 F.3d at 841-42).  Any amount of jail time has Sixth Amendment implications that can satisfy <u>Strickland</u>'s prejudice prong.  <u>Grammas</u>, 376 F.3d at 436 (<u>quoting</u> <u>Conley</u>, 349 F.3d at 842).  If the defendant makes an insufficient showing on either one of the two prongs of the <u>Strickland</u> test the court need not address the other.  <u>Powell v. Owens</u>, 43 F.3d 670 (5th Cir. 1994) (not published) (<u>citing</u> <u>Strickland</u>, 466 U.S. at 697).

**III. <u>DISCUSSION</u>**

*1.  Did Lash receive ineffective assistance of counsel on direct appeal when his counsel failed to argue that <u>Maine v. Moulton</u>, 447 U.S. 159 (1985) rendered his drug conspiracy statements to Rahsaan Johnson inadmissible?*

Lash contends that it is clear that his Sixth Amendment right to counsel was violated when the Government used his incriminating statements *pertaining to the drug conspiracy* against him after his right to counsel on that charge had already attached.  Lash contends that it is clear that Rahsaan Johnson deliberately elicited information from him about the charged drug conspiracy in violation of his rights.  According to Lash, his appellate counsel was ineffective because he failed to argue that

8

the incriminating statements should have been excluded because they were the result of direct questioning by Johnson as to the charged drug offense.  Lash contends that appellate counsel should have argued the case of <u>Maine v. Moulton</u>, 474 U.S. 159 (1985), to the Fifth Circuit to demonstrate that the incriminating statements should have been excluded.

This contention lacks merit.  In <u>Moulton</u>, the Supreme Court held that the defendant's incriminating statements had been obtained in violation of his Sixth Amendment rights when his coconspirator, who was working with law enforcement, asked him questions that directly related to the charges that the defendant already faced.  474 U.S. at 168.  Lash's case is not analogous to <u>Moulton</u> because Johnson did not question Lash about the drug conspiracy charges that he already faced.  This Court specifically made that determination when it reviewed the recordings of Lash and Johnson's conversations.  Lash's case is factually distinguishable from <u>Moulton</u> and defense counsel was not ineffective for declining to make arguments that are directly contradictory to the facts of the case.  Lash has not demonstrated that appellate counsel's performance was deficient with respect to this ground for relief.

***2.  Did Lash receive ineffective assistance of counsel on direct appeal when his counsel failed to investigate the facts surrounding the November 25, 2003 and December 1, 2003 recordings instead basing his arguments only on the February 17, 2004 recording?***

Lash contends that his appellate counsel was ineffective because he did not investigate the facts surrounding the November 25, 2003 and December 1, 2003 inaudible recordings. Lash argues that he was coerced and threatened by Johnson before Johnson interrogated him in the holding cell. According to Lash, his statements were not free and voluntary.

This contention lacks merit. The Government relied upon the February 17, 2004 recording to convict Lash because the first two recordings were inaudible and therefore unusable. All of the arguments that Lash is making with respect to the two inaudible recordings, which were not presented to the jury, were made on appeal with respect to the February 17, 2004 recording and rejected by the Fifth Circuit. Lash has not demonstrated that appellate counsel's performance was deficient with respect to this ground for relief.

### 3.   *Did Lash receive ineffective assistance of counsel at trial and on direct appeal when his counsel failed to raise entrapment as a defense in regard to the T-Bone murder-for-hire plot?*

Lash contends that he was "otherwise innocent" of the T-Bone murder plot and that the Government entrapped him into the plot in violation of his Fifth Amendment due process rights. According to Lash, his counsel was ineffective for failing to raise the entrapment offense both at trial and on appeal. Lash argues that no reasonable juror would have convicted him on evidence derived through government misconduct.

This contention lacks merit.  Entrapment occurs when the government causes an offense to be "committed by a person other than one ready to commit it." U.S. v. Theagene, 565 F.3d 911, 918 (5th Cir. 2009) (quoting U.S. v. Bradfield, 113 F.3d 515, 521 (5th Cir. 1997)).  Entrapment is a criminal defense that if credited precludes a guilty verdict.  Id. (citing U.S. v. Gutierrez, 343 F.3d 415, 419 (5th Cir. 2003); Bradfield, 113 F.3d at 521).  Lash was not charged with the T-Bone murder plot and therefore the entrapment defense did not apply.  Entrapment does not apply to exclude Lash's statements to Johnson.  Lash has not demonstrated that appellate counsel's performance was deficient with respect to this ground for relief.

**4.  *Did Lash receive ineffective assistance of counsel on direct appeal when his counsel failed to argue that Lash's incriminating statements should have been excluded due to the Government's violation of the Rules of Professional Conduct?***

This contention lacks merit.  First, this Court has never been persuaded that the prosecutors violated the Rules of Professional Conduct in conjunction with their prosecution of Lash.  Second, even if the prosecutors' conduct had violated the Rules of Professional Conduct, the law is not so clear that a federal court would be authorized to exclude evidence in a criminal case simply because a prosecutor violates an ethical rule unless that violation also constitutes a violation of the defendant's constitutional rights.  See U.S. v. Heinz, 983 F.2d 609, 613 (5th Cir. 1993).  In this case the court of appeal upheld

11

the constitutionality of the Government's conduct in obtaining
the incriminating statements.  Lash has not demonstrated that
appellate counsel's performance was deficient with respect to
this ground for relief.

> **5.  Did Lash receive ineffective assistance of counsel on
> direct appeal when his counsel failed to argue that the Government's
> investigatory conduct was so outrageous as to render Lash's
> statements inadmissible in violation of his Fifth Amendment due
> process rights?**

Lash contends that his appellate counsel was ineffective for
failing to argue that the prosecutors violated the Rules of
Professional Conduct applicable to attorneys when the prosecutors
participated in the contrived T-Bone murder plot in order to
elicit statements from him.

This contention lacks merit.  The admissibility of Lash's
statements in light of the Government's conduct was properly
raised and addressed on appeal with the Fifth Circuit concluding
that the statements were not subject to exclusion.  Lash cannot
re-raise this issue via a § 2255 motion.  <u>See</u> note 3, <u>supra</u>.
Lash has not demonstrated that appellate counsel's performance
was deficient with respect to this ground for relief.

> **6.  Did Lash receive ineffective assistance of counsel at
> trial and on direct appeal when counsel failed to challenge the
> Sixth Superseding indictment on grounds of double jeopardy?**

Lash contends that each of the subsections charged in the
Sixth Superseding indictment did not require proof of a fact
different from the other.  Lash argues that his counsel was

12

ineffective for failing to raise this point on appeal.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The Double Jeopardy Clause protects against multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 166 (1977) (citing N.C. v. Pearce, 395 U.S. 711, 717 (U.S. 1969)). Separate statutory crimes need not be identical either in constituent elements or in actual proof in order to be the same within the meaning of the constitutional prohibition. Id. at 164. The test is whether each provision requires proof of an additional fact which the other does not. Id. at 166. When the test is not satisfied then the defendant cannot receive consecutive sentences or cumulative punishment based on the multiple offenses. Id.

This contention lacks merit. In this case Lash did not receive consecutive or cumulative punishment--all sentences were imposed concurrently. (Rec. Doc. 512 at 3). Moreover, each of the charged murder-related offenses requires proof of an additional fact or element not present in the other charges. Lash has not demonstrated that appellate counsel's performance was deficient with respect to this ground for relief.

**7. Did Lash receive ineffective assistance of counsel on direct appeal when counsel misapprehended the applicable facts and law with respect to whether the dismissal in Judge Lemmon's case should be characterized as a dismissal with prejudice?**

Lash contends that the Government's acquiescence in the T-

13

Bone murder-for-hire plot was outrageous and constituted bad faith conduct and therefore the dismissal of Lash's case before Judge Lemmon should have been with prejudice.

The order of dismissal without prejudice was raised and addressed on appeal with the Fifth Circuit concluding that the dismissal was properly construed as one without prejudice.  Lash cannot re-raise this issue via a § 2255 motion.  <u>See</u> note 3, <u>supra</u>.

**8.  *Did Lash receive ineffective assistance of counsel on direct appeal when counsel was guilty of multiple deficiencies and errors?***

Lash argues that the cumulative effect of his counsel's deficient performance was so prejudicial that his Sixth Amendment right to counsel on appeal was violated.

This contention lacks merit because Lash has not demonstrated multiples deficiencies and errors by his counsel.

**9.  *Did Lash receive ineffective assistance of counsel on direct appeal when counsel failed to argue that the district court erred in not conducting an evidentiary hearing regarding the secret Johnson interrogation?***

Lash contends that his counsel should have argued on appeal that Lash was entitled to an evidentiary hearing on the admissibility of his incriminating statements because Johnson deliberately elicited information regarding the drug conspiracy.

The issue of an evidentiary hearing with respect to the holding cell recordings was raised and addressed on appeal with the Fifth Circuit concluding that the statements were properly

14

admitted.  Lash cannot re-raise this issue via a § 2255 motion.

See note 3, supra.

**IV.   CERTIFICATE OF APPEALABILITY**

The petitioner must obtain a certificate of appealability ("COA") in order to appeal the denial of a motion to vacate under § 2255.  28 U.S.C. § 2253(c)(1)(B).  A COA is granted only if the applicant has made a substantial showing of the denial of a constitutional right.  Id. § 2253(c)(2).

Lash has not made a substantial showing of the denial of a constitutional right.  Therefore, Lash is not entitled to a COA.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 629)** filed by defendant Terrance Lash is **DENIED;**

**IT IS FURTHER ORDERED** that Terrance Lash is D**ENIED** a Certificate of Appealability;

**IT IS FURTHER ORDERED** that the **Motion to Compel Response (Rec. Doc. 640)**[6] filed by Lash is **DENIED** as moot.

December 27, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[6] On April 16, 2010, Lash filed a motion asking the Court to order the Government to file its response to his 2255 motion.

15