UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 03-135 |
| TERRANCE LASH | SECTION: "A" |

## ORDER AND REASONS

Terrance Lash, federal prisoner #23905-304, moves the Court to void the adverse judgment entered on his 28 U.S.C. § 2255 motion. (Rec. Doc. 679).

On December 16, 2004, a grand jury sitting in the Eastern District of Louisiana returned a seven-count Sixth Superseding indictment against Terrance Lash for various offenses related to a drug conspiracy, firearms, and the murder of a federal witness. (Rec. Doc. 241). Following a rigorous battle of pre-trial motions and hearings, Lash was tried on June 12, 2006. The trial lasted two weeks and Lash testified in his own defense. On June 23, 2006, the jury returned its unanimous verdict convicting Lash on all seven counts. (Rec. Doc. 468). On December 5, 2006, the Court sentenced Lash to life imprisonment, as to Counts 1, 3, 4, 5, and 6, a term of 240 months as to Count 2, and a term of 120 months as to Count 7, to be served concurrently. (Rec. Doc. 512). The complete factual background leading up to Lash's indictment and trial is contained in the Fifth Circuit's opinion affirming Lash's conviction and sentence on all grounds. (Rec.

1

Doc. 600-1).

Lash moved for post-conviction relief and on December 27, 2010, the Court entered its reasons for denying Lash's § 2255 motion. (Rec. Doc. 643). On May 13, 2011, the Court entered judgment accordingly, (Rec. Doc. 650), after denying Lash's Rule 59(e) motion for reconsideration, (Rec. Docs. 647, 649).

Lash filed a motion to void the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), and the Court denied that motion on June 28, 2012. (Rec. Doc. 660).

On June 18, 2018, Lash filed the instant Motion to "Void Judgment" of Original 28 U.S.C. § 2255 Pursuant to Rule 60(b)(4) ("[T]he court may relieve a party or its legal representative from a final judgment . . . for the following reason[]: . . . "the judgment is void.") (Rec. Doc. 679). Lash argues that the judgment [denying his original § 2255 motion] is void because the Court denied Lash due process of law by refusing to hold an evidentiary hearing in 2010 when it denied relief. Lash contends that the factual allegations contained in his Affidavit of Facts/Declaration of Truth (executed July 24, 2009) (Rec. Doc. 629 at pp. 15-19) ("AOF/DOT"), triggered the requirement for an evidentiary hearing. The AOF/DOT contains Lash's recollections regarding the substance of the conversations between himself and Rahsaan Johnson in November and December 2003 that were recorded by the Government but were inaudible. The inaudible recordings were not admitted at trial but an inculpatory statement made to Johnson (and recorded) on February 17, 2004 was admitted against Lash at trial. The

2

court of appeal summarized the relevant transactions as follows:

> In November and December 2003, Johnson attempted to record conversations with Lash while they were in a holding cell, awaiting hearings in the case before Judge Zainey. Both attempts failed due to poor sound quality. Johnson's third attempt, on 17 February 2004, was successful; Lash discussed his role in the [Demetra] Norse murder and named [Donald] Sylvester as Norse's assassin. That March, the Government confronted Lash and his attorney with the recording.

(Rec. Doc. 600-1 at 3-4).

As the Court noted when denying Lash's 2012 motion to void the judgment, Lash has challenged the admissibility of the 2004 statement at every phase of this case—-pre-trial, during trial, on appeal, via his original § 2255 motion, and the motion to reconsider. (Rec. Doc. 660). This Court has repeatedly held that the statement was not obtained in violation of Lash's constitutional rights and this conclusion was affirmed on appeal.

On direct appeal, Lash argued that the inculpatory 2004 recorded statement should have been excluded because it was not a voluntary statement. Lash argued that the statement was not voluntary because Johnson had intimidated and threatened him. (No. 07-30009, Brief for Appellant at 28). The Fifth Circuit rejected this contention, characterizing Lash's claims of coercion as "conclusory," and noting that Lash's reactions during the conversation were not objectively indicative of a person succumbing to threats. (Rec. Doc. 600-1, Opinion at 9).

Lash now points out that neither the court of appeal nor this Court considered the unadmitted inaudible recordings from 2003 when assessing his coercion argument. And given that the AOF/DOT describes Lash's recollections as to the substance of those

3

inaudible conversations—in particular the threats that Johnson allegedly made—the factual allegations in the AOF/DOT remain unchallenged. Lash therefore contends that the Court abused its discretion in not holding an evidentiary hearing in 2010 before denying his § 2255 motion.

In order to file a second or successive § 2255 motion with the district court, 28 U.S.C. § 2244 provides that an applicant must first obtain authorization from the court of appeals. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)). The lack of such authorization is a jurisdictional bar to the district court's consideration, and a district court may dispose of applications lacking authorization through dismissal. *Id.* (citing *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

But a second-in-time petition does not necessarily equate to one which is successive within the meaning of § 2255. *Fulton*, 780 F.3d at 686 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Instead, a later petition is successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition." *Id.*

Regardless of how it is styled, a Rule 60(b) motion will be treated as a successive § 2255 application if it raises new claims or "attacks the federal court's previous resolution of a claim on the merits." *United States v. Brown,* 547 Fed. Appx. 637, 641 (5th Cir. 2013) (unpublished) (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 531-

32 (2005)). When a Rule 60(b) motion does not challenge the district court's prior resolution of claims on the merits and instead attacks "some defect in the integrity of the federal habeas proceedings," the motion is not the equivalent of a successive habeas application and should not be construed as such. *Id.*

In *Brown*, *supra*, the appellate court recognized a reurged request for an evidentiary hearing as being similar to the types of post-judgment challenges that constitute an attack on "some defect in the integrity of the federal habeas proceedings" as opposed to a challenge on the merits. *Brown*, 547 Fed. Appx. at 642. Like the conclusion of the panel in *Brown*, this Court concludes that Lash's Rule 60(b) motion— the purpose of which is to reurge his request for an evidentiary hearing—should not be construed as a successive § 2255 motion that requires prior authorization from the Fifth Circuit. The Court therefore addresses the motion on the merits.[1]

---

[1] The Court follows *Brown*, which is an unpublished decision, solely for the purpose of determining whether it has jurisdiction to address Lash's motion—in other words, in determining whether the motion is actually a successive § 2255 motion. In *Brown*, the petitioner filed his motion as a Rule 59(e) motion and he filed it 25 days after the district court ruled on his original § 2255 motion. *Brown*, 547 Fed. Appx. at 641. In 2011, Lash filed a timely Rule 59(e) motion to reconsider in which he reurged his request for an evidentiary hearing. (Rec. Doc. 647 at 9). The Court denied that motion. (Rec. Doc. 649). Thus, Lash's 2011 motion to reconsider is actually more like the motion at issue in *Brown* than his current Rule 60(b) motion, which has been filed over seven years after a final judgment was entered.
     If a judgment is void, then Rule 60(b)(4), upon which Lash relies, imposes no time limitation. But a judgment is void for purposes of Rule 60(b)(4) only if the court that rendered it lacked jurisdiction, or if it acted in a manner inconsistent with due process of law. N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996) (citing *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 735 (5th Cir.1984)). Lash relies upon the latter ground for voidness but Lash fails to recognize that a court does not act in a manner inconsistent with due process of law if it merely errs or abuses its discretion. *See Id.* Thus, even if this Court were to conclude that Lash was entitled to an evidentiary hearing in 2010, it does not render the judgment void so as to allow Lash to use Rule 60(b)(4) to not only reurge his request for an evidentiary hearing but to

5

Ground Two in Lash's original § 2255 motion filed in 2009 raised the issue of whether he received ineffective assistance of counsel *on direct appeal* when his counsel failed to investigate the facts surrounding the November 25, 2003 and December 1, 2003 recordings instead basing his arguments only on the February 17, 2004 recording that was actually admitted at trial. (Rec. Doc. 629 at 8). The Court rejected this ground for relief, without conducting an evidentiary hearing, explaining:

> The Government relied upon the February 17, 2004 recording to convict Lash because the first two recordings were inaudible and therefore unusable. All of the arguments that Lash is making with respect to the two inaudible recordings, which were not presented to the jury, were made on appeal with respect to the February 17, 2004 recording and rejected by the Fifth Circuit. Lash has not demonstrated that appellate counsel's performance was deficient with respect to this ground for relief.

(Rec. Doc. 643 at 10).

The Court remains persuaded that Lash's AOF/DOT does not entitle him to an evidentiary hearing as to Ground Two.[2] A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and

---

do so unfettered by time constraints. The Court ignores, however, these problems and addresses the Rule 60(b) motion on the merits.

[2] The Court has analyzed Lash's motion in the context of Ground Two from the original motion for two reasons. First, because this Court lacks jurisdiction over any new grounds for § 2255 relief, Lash's Rule 60(b) motion pertaining to an evidentiary hearing necessarily must be tethered to the specific grounds that he raised in 2009 in his original motion. To the extent that Lash strays from this restriction, the Court does not take cognizance of any new arguments. Second, although Lash attempts to reurge an evidentiary hearing for some of his other arguments from 2009 (like for instance ineffective assistance of counsel relating to the entrapment defense) the Court is not persuaded that the allegations in the AOF/DOT relate to those claims in a significant manner. In other words, Ground Two from the original § 2255 motion is the one most pertinent to the allegations in the AOF/DOT.

records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arguellas*, 78 Fed. Appx. 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). In those cases, however, where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone. *Id.* (citing *Owens v. United States*, 551 F.2d 1053, 1054 (5th Cir. 1977)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978)).

The AOF/DOT does not present *contested* issues of fact that would require an evidentiary hearing to resolve. Even if Lash's allegations regarding the 2003 inaudible conversations are accepted as true,[3] the alleged threats only have significance as to the voluntariness (admissibility) of the 2004 statement that was actually admitted at trial. When arguing on appeal that the 2004 statement was not voluntary, counsel pointed out that Johnson had suggested that Lash might end up like "Julian," hacked to pieces (with his head, hands, or feet cut off). (No. 07-30009, Appellate brief at 28). The Fifth Circuit rejected on direct appeal the coercion argument notwithstanding the description of this " brutal murder." (Rec. Doc. 600-1 at 9). The threatening statements that Lash describes

---

[3] Even though the Court does not reject Lash's allegations as being untruthful, Lash testified at trial so the Court has had ample opportunity to personally observe him and to judge his credibility.

in the AOF/DOT pale in comparison to the Julian murder. In other words, the threatening statements that Lash describes in the AOF/DOT would not have entitled him to any greater relief on appeal. Appellate counsel was not ineffective for failing to "investigate" the 2003 inaudible recordings. No hearing was or is necessary.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to "Void Judgment" of Movant's 28 U.S.C. § 2255 Pursuant to Federal Rule of Civil Procedure 60(b)(4) (Rec. Doc. 679)** is **DENIED.**

October 26, 2018

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE